UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA            CRIMINAL  ACTION:    05-243

versus                              SECTION: "I"

RUSSELL WHITTINGTON

ORDER AND REASONS

Before the Court is defendant's, Russell Whittington's, motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255.  For the following reasons, Whittington's motion is DENIED and the above-captioned case is DISMISSED with prejudice.

BACKGROUND

On August 5, 2005, Russell Whittington ("Whittington") was indicted by a federal grand jury for conspiracy to distribute and to possess with intent to distribute fifty grams or more of cocaine base and five kilograms or more of cocaine hydrochloride in violation of the United States Code.  At his July 13, 2006,

rearraignment, Whittington pled guilty as charged, although he did not enter into any plea agreement with the government.

During his rearraignment, Whittington signed a factual basis which was read and filed into the record. In that factual basis, Whittington agreed that he entered into an agreement with others to distribute and to possess with intent to distribute a total of fifteen, but less than fifty, kilograms of cocaine hydrochloride for further distribution to others and in furtherance of the charged conspiracy. On April 12, 2007, the Court sentenced Whittington to a term of 87 months imprisonment after which he would be placed on supervised release for five years.[1]

On January 22, 2008, Whittington filed this motion to set aside or correct his sentence pursuant to 28 U.S.C. §2255. Whittington contends that the government failed to abide by an agreement to file a motion to reduce his sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. Whittington also

---

[1] Because Whittington was safety valve eligible, he was not subject to the mandatory minimum sentence of ten years.

2

claims that he is entitled to a sentence reduction pursuant to the retroactive amendments to the crack cocaine guidelines promulgated by the U.S. Sentencing Commission.

On March 25, 2008, this Court denied Whittington's motion for a sentence reduction pursuant to 18 U.S.C. §3582(c)(2) as his sentencing guidelines were based on cocaine hydrochloride and not crack cocaine.[2]

Rule 35(b)(1) of the Federal Rules of Criminal Procedure states:
> (b) Reducing a Sentence for Substantial Assistance.
> (1) In General.  Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.

As the Fifth Circuit stated in United States v. Grant, 493 F.3d 464 (2007) (citations and footnote omitted):

> The government is under no obligation to file a Rule 35(b), despite whatever substantial assistance a defendant might give.  The

---

[2] A review of the presentence investigation report confirms that fact.

> government's refusal to file a Rule 35(b) motion is not reviewable unless that refusal was based on an unconstitutional motive, such as race or religion,[3] or where the government has "bargain[ed] away" its discretion.

"The mere claim that a defendant provided substantial assistance does not warrant a remedy, and general allegations of improper motive are insufficient to establish a constitutional violation." United States v. Hollis, 78 Fed.Appx. 433, 2003 WL 22409523 (5th Cir. 2003) (per curiam). Whittington has no right to an evidentiary hearing unless he makes a "substantial threshold showing." Id.

As Whittington had no plea agreement, the Court cannot review specific plea agreement language in order to address Whittington's claim. In support of his argument that the government broke its promise, Whittington submits a February 13, 2007, letter from the Assistant U.S. Attorney to the Court which documents the defendant's cooperation. The letter recommends that

---

[3] Whittington does not argue that the government's refusal was based on an unconstitutional motive. Therefore, the Court does not address that issue.

4

the defendant be sentenced at the bottom of his applicable sentencing guideline range, but it also notes that the government evaluated Whittington's cooperation and determined that it did not constitute "substantial assistance" warranting the filing of a government motion to depart from the guideline sentencing range.

The letter from the government is not a promise to request a downward departure pursuant to Rule 35(b).  Whittington does not sufficiently assert any other basis for an agreement or promise with the government.  In fact, during his rearraignment, Whittington specifically denied that anyone had made any promise or prediction, other than rough estimates of the sentencing guidelines, as to what his sentence would be.[4]  Accordingly, the Court finds that the government did not "bargain away" its discretion to move for a downward departure.  As the U.S. Supreme Court noted in Wade v. United States, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), although a showing of assistance is a

---

[4] Rearraignment transcript, July 13, 2006, at p.31.

necessary condition for petitioner to obtain relief, it is not a sufficient one. *See Wade*, 504 U.S. at 187, 112 S.Ct. at 1844.

Whittington has failed to demonstrate that the government's refusal to file a Rule 35(b) motion was not rationally related to a legitimate government end, that the government bargained away its discretion, or that the government's refusal was based on an unconstitutional motive. Whittington's motion for post-conviction relief is DENIED and the above-captioned case is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this 25th day of August, 2008.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE